

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. D. Sansing
County Attorney
Spearman, Texas

Dear Sir:

Opinion No. O-2624
Re: Authority of independent
school district to contract
with an attorney, not resident
in the county, to collect
delinquent taxes.

In your letter of August 9, 1940, you submit to us the following facts: You are the only lawyer residing in Hansford County. The Spearman Independent School District has due it a large amount of delinquent taxes and it desires to make arrangements with you or some other attorney to enforce collection of the same, by suit if necessary. You desire our opinion in substance (1) whether you can contract with the school district to handle such business on a percentage up to 15% or whether if you bring the suits you will be limited to the compensation mentioned in Article 7332, Revised Civil Statutes, and (2) whether the district may contract with an attorney not residing in that county to collect these taxes.

From Article 7343, Revised Civil Statutes, we quote:

". . . Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. D. Sansing, Page 2

officer. The school board may, when the delin-
quent tax lists and records are properly pre-
pared and ready for suits to be filed, instruct
the county attorney to file said suits. If
the school board instructs the county attorney
to file said suits and he fails or refuses
to do so within sixty days the school board
may employ some other attorney of the county
to file suit. The county attorney, or other
attorney, filing tax suits for independent
school districts, shall be entitled to the
same fees as provided by law in suits for
State and county taxes. . . ."

It is thus provided that if the county attorney
files such suits for an independent school district his
compensation will be the same as provided by law in suits
for State and county taxes, which is $2.00 for the first
tract and $1.00 for each additional tract, in no event ex-
ceeding $5.00 in one case. Article 7332. We see no escape
from the proposition that you would be limited to those fees
if you should undertake to represent the independent school
district in the collection of its delinquent taxes. In
fact, Judge Hickman plainly so states in Bell v. Mans-
field Independent School District, 129 S. W. (2d) 629. Such
is our answer to your first question.

In the Bell v. Mansfield case the Court expressed
doubt that an independent school district would be auth-
orized to employ an attorney not residing in the county in
view of the language of the statute. However, the Court
expressly refrained from making an authoritative pronounce-
ment with reference to that question. Our own opinion is
that the provision which would apparently require the em-
ployment of an "attorney of the county" is directory, at
least to the extent that in such a case as this the school
district may contract with some attorney not residing in
the county. It is not necessary to hold such language
mandatory to make the statute effectual. On the other hand,
to hold it mandatory would be to render that part of the
statute empowering school districts to employ an attorney
to collect its delinquent taxes wholly ineffectual in
those counties where no lawyer is resident. There are no
negative words in the statute denying the right to con-
tract with an attorney residing out of the county. While
not necessarily controlling we think the principles set

out in City of Uvalde v. Burney, 145 S. W. 311, are applicable
to the statute under the particular facts of this case.

Our answer to your second question is an affirmatve
one, the amount of the percentage to be governed by Article
7335a, Vernon's Civil Statutes, as held in the Bell v. Mans-
field case.

APPROVED AUG 27, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

CRL:eaw

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN